IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MONTGOMERY AKERS,**

                **Plaintiff,**

                                        CIVIL ACTION
       **vs.**                                        No. 06-3175-SAC

**KIM I. MARTIN, et al.,**

                **Defendants.**

### ORDER

This matter is before the court on a civil complaint submitted on a form complaint for filing under 42 U.S.C. § 1983, by a prisoner confined incarcerated in the United States Penitentiary in Leavenworth, Kansas. Because plaintiff seeks damages from various federal defendants, the court liberally construes the pro se pleading as filed pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971),[1] and 28 U.S.C. § 1331.[2]

Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by

---

[1] <u>Bivens</u> established that a victim of a constitutional violation by a federal agent acting under color of federal law has a right to recover damages against that official in federal court.

[2] 28 U.S.C. § 1331 provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[3] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915A, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Having reviewed the record, the court finds this action should be dismissed.

Plaintiff broadly alleges a conspiracy involving the district court judge, federal prosecutors, plaintiff's public defender, and an FBI agent regarding plaintiff's pending federal criminal action,[4] and seeks damages and the cessation of all further proceedings in that criminal matter. However, plaintiff may not use a civil action to undermine or defeat his pending criminal action. Injunctive and declaratory relief on plaintiff's allegations of error in his criminal case must be pursued as provided in a direct appeal and/or collaterally as provided under 28 U.S.C. § 2255.

To the extent plaintiff seeks damages on allegations that would

---

[3]*See*, Akers v. Vratil, Case No. 05-3080-GTV ($250.00 district court filing fee).

[4]United States v. Akers, Case No. 04-20089-KHV.

render his conviction invalid, any such claim for relief is premature until plaintiff can demonstrate that his conviction has been reversed, set aside, or otherwise invalidated. *See* Heck v. Humphrey, 512 U.S. 477 (1994). *See also,* Clemente v. Allen, 120 F.3d 703,705 (7th Cir. 1997)(Heck applies to Bivens actions).

As explained in the court's dismissal of plaintiff's previously filed action, plaintiff's claims against the district court judge and prosecutors are barred by recognized immunities. *See* Stump v. Sparkman, 435 U.S. 349, 362-64 (1978)(judicial immunity); Switzer v. Coan, 261 F.3d 985, 991 (10th Cir. 2001)(Bivens claim against defendant federal judges rejected, citing general rule "that equitable relief is available only in the absence of adequate remedies at law"). *See also* Imbler v. Pachtman, 424 U.S. 409, 430 (1976)(prosecutorial immunity). Plaintiff's conclusory reassertions of a conspiracy are insufficient to defeat these recognized immunities, to establish that plaintiff's court appointed counsel acted as a federal agent for purposes of any liability under Bivens, or to state any claim for relief against the FBI agent named as a defendant.

Finding an opportunity to amend the complaint to cure these identified deficiencies would be futile in this case, the court concludes the complaint should be dismissed as stating no claim for relief against any defendant, as seeking relief from defendants who are immune from such relief, and as frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the pro se complaint is liberally construed by the court as a Bivens action, and the docketing of this

action as a habeas petition filed pursuant to 28 U.S.C. § 2241 is hereby modified.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 12th day of July 2006 at Topeka, Kansas.


　s/ Sam A. Crow　　　　
SAM A. CROW
U.S. Senior District Judge