**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MONTGOMERY CARL AKERS,**

                         **Plaintiff,**

        v.                                             CASE NO. 06-3175-SAC

**KIM I. MARTIN, et al.,**

                         **Defendants.**

<u>**MEMORANDUM AND ORDER**</u>

This matter is a *Bivens*-type[1] civil action filed by a prisoner in federal custody. In the complaint, plaintiff alleged a conspiracy among the federal district judge, federal prosecutors, a federal public defender, and an FBI agent who were involved in his then-pending prosecution for federal wire fraud. The Court dismissed this matter on July 12, 2006, and the decision was affirmed on appeal in 2007. On July 24, 2020, plaintiff filed a motion for relief from judgment.

The motion broadly challenges the dismissal decision by alleging the use of inaccurate information, bribery, fraud, and collusion. Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(4) and 60(d)(3).

Rule 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A motion under this subsection must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "A judgment is void under Rule 60(b)(4) 'only in the rare instance where [the] judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'"

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

*Johnson v. Spencer*, 950 F.3d 680, 694 (10th Cir. 2020)(quoting *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 270 (2010)). Because the motion for relief from judgment was filed approximately thirteen years after the appellate decision in this matter, the court finds plaintiff's claim that the judgment is void was not brought within a reasonable time. In addition, plaintiff does not plausibly argue a violation of due process or other error.

Next, a party alleging fraud on the court may proceed under a motion for relief from judgment under Rule 60(b)(3) or Rule 60(d)(3). Rule 60(b)(3) of the Federal Rules of Civil Procedure allows the court to relieve a party from a final judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Because this provision is subject to a one-year deadline for seeking relief, plaintiff cannot proceed under this subsection.

Rule 60(d)(3) provides that the power to grant relief from a judgment under Rule 60(b) "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; … or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). This provision is not subject to the one-year limitation. The party alleging fraud on the court must provide "evidence of 'an intent to deceive or defraud the court by means of a deliberately planned and carefully executed scheme.'" *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1292 (10th Cir. 2005)(quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)). The court has considered plaintiff's claim under Rule 60(d)(3) but finds no grounds for relief. Plaintiff has provided no evidence of any kind; he simply makes bare assertions of misconduct. Because

he offers no plausible ground for relief, the Court will deny his motion.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for relief from judgment (Doc. 15) is denied.

**IT IS SO ORDERED.**

DATED:  This 2nd day of October, 2020, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge